BOOCHEVER, Circuit Judge,
Dissenting:
I believe that the honoring of the check was consideration for the shipments of Jan *125 uary 22 and 23, 1980. To the extent of the value of those shipments, $21,484.05, there was a “contemporaneous exchange for new value” within the meaning of section 547(c)(1). The testimony was undisputed that Cal-Wood refused to fill additional Wadsworth orders until the check was paid. The assurance of payment was thus consideration for the new shipment. While the check also constituted payment for the past shipment, the honoring of the check was the quid pro quod for the shipments of January 22 and 23. The trial court clearly erred in holding that it was only payment of the prior obligation, and by not holding that it also constituted new consideration for the “contemporaneous exchange” of the additional shipments.
This conclusion is bolstered by the fact that the bankrupt estate was enhanced by the value of the new shipment. It already had received the prior lumber. If no new shipment had been made in consideration of honoring the prior check I would agree that payment of the check would constitute a preference. Here, however, the bankrupt estate was enhanced by the value of the new shipment which would not have been sent without assurance that the check would be honored.
I therefore respectfully dissent.